United States District Court
Southern District of Texas
**ENTERED**
January 13, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CASANDRA KIDD, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-2455 |
| | § | |
| THE PRUDENTIAL INSURANCE | § | |
| COMPANY OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint. (Doc. No. 8.) After considering the Motion, the responses thereto, and all applicable law, the Court determines that the Motion should be granted.

### I. BACKGROUND

This is an ERISA action against The Prudential Life Insurance Company of America, in its capacity as Administrator of the Kimberly-Clark Corporation Long Term Disability Plan. Compl. ¶ 1. Plaintiff Casandra Kidd, a former Kimberly-Clark Corporation employee, alleges that she became disabled on January 7, 2013 and filed for disability benefits with Defendant. *Id*. ¶¶ 25-28. She alleges that Defendant denied her claim for long term disability benefits on February 26, 2014, after which Plaintiff pursued administrative remedies. *Id*. ¶¶ 29, 32. On March 11, 2016, Defendant notified Plaintiff that she had exhausted her administrative remedies. *Id*. ¶ 41. Plaintiff filed the instant case on August 11, 2016.

On February 3, 2015, Plaintiff filed a bankruptcy petition. (Doc. No. 8 at 3.) At no time did Plaintiff disclose her administrative claim for benefits against Defendant as an asset. *Id*. Plaintiff received a no asset discharge on June 15, 2015. *Id*. Her bankruptcy case was terminated

1

the same day.

In its Motion to Dismiss, Defendant argues that Plaintiff is judicially estopped from asserting her claims in this Court because she failed to disclose the administrative claim for benefits to the bankruptcy court.

## II.   LEGAL STANDARDS

Judicial estoppel is "a common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position." *Brandon v. Interfirst Corp.*, 858 F.2d 266, 268 (5th Cir. 1988). The purpose of the doctrine is "to protect the integrity of the judicial process" by "prevent[ing] parties from playing fast and loose with the courts to suit the exigencies of self interest." *Id.* (internal marks omitted). Because the doctrine is intended to protect the judicial system, rather than the litigants, detrimental reliance on the challenged statement or action is not necessary. *See Matter of Cassidy*, 892 F.2d 637, 641 & n. 2 (7th Cir.1990), cert. denied, 498 U.S. 812 (1990). "The policies underlying the doctrine include preventing internal inconsistency, precluding litigants from playing fast and loose with the courts, and prohibiting parties from deliberately changing positions according to the exigencies of the moment." *United States v. McCaskey*, 9 F.3d 368, 378 (5th Cir. 1993). The doctrine applies when "intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice." *Scarano v. Central R. Co. of N.J.*, 203 F.2d 510, 513 (3d Cir. 1953).

The Bankruptcy Code and Rules impose on bankruptcy debtors an express, affirmative duty to disclose all assets, including contingent and unliquidated claims. *In re Coastal Plains, Inc.*, 179 F.3d 197 (5th Cir. 1999); 11 U.S.C. § 521(1) ("The debtor shall (1) file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities, a schedule of

current income and current expenditures, and a statement of the debtor's financial affairs"). "The duty of disclosure in a bankruptcy proceeding is a continuing one, and a debtor is required to disclose all potential causes of action." *Youngblood Group v. Lufkin Fed. Sav. & Loan Ass'n*, 932 F.Supp. 859, 867 (E.D. Tex. 1996). "The debtor need not know all the facts or even the legal basis for the cause of action; rather, if the debtor has enough information ... prior to confirmation to suggest that it may have a possible cause of action, then that is a 'known' cause of action such that it must be disclosed." *Id*. (brackets omitted; quoting *Union Carbide Corp. v. Viskase Corp.* (*In re Envirodyne Indus., Inc.*), 183 B.R. 812, 821 n. 17 (Bankr. N.D. Ill. 1995)). "Any claim with potential must be disclosed, even if it is 'contingent, dependent, or conditional.'" *Id*. (quoting *Westland Oil Dev. Corp. v. MCorp Management Solutions, Inc.*, 157 B.R. 100, 103 (S.D. Tex. 1993)); *see also In re Superior Crewboats, Inc.*, 374 F.3d 330 (5th Cir. 2004).

The Fifth Circuit recognizes three requirements for judicial estoppel: (1) the position of the party against whom judicial estoppel is sought is plainly inconsistent with its prior legal position; (2) a court accepted the prior position; and (3) the party did not act inadvertently. *In re Superior Crewboats*, 374 F.3d at 335 (citing *Scarano*, 203 F.2d at 513). "[T]he debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims *or* has no motive for their concealment." *Coastal Plains*, 179 F.3d at 210 (emphasis in original).

### III.    ANALYSIS

Plaintiff concedes that her claims in this case are inconsistent with her prior legal position in the bankruptcy case, and that the bankruptcy court accepted her prior position. (Doc. No. 11 at 2.) The only issue remaining, then, is whether Plaintiff acted inadvertently, that is, lacking knowledge of the undisclosed claim and/or motive for its concealment. *See Coastal Plains*, 179

3

F.3d at 210.

Plaintiff argues that, during the pendency of her bankruptcy claim, she did not know that any valid claim existed with regard to her disability. (Doc. No. 11 at 3.) She alleges that her attorneys failed to communicate with her as they processed her administrative claim. *Id.* As a result, Plaintiff concluded that she had no valid claim. *Id*. Plaintiff alleges that only in September 2015, when she contacted her present attorney (after the discharge of her bankruptcy), did she learn that she had a viable claim for disability benefits. *Id*. at 4. However, because Plaintiff hired an attorney to process her administrative claim, she is not justified in asserting a lack of knowledge. This is especially true given that, one week before Plaintiff filed for bankruptcy, her attorney in the administrative claim copied Plaintiff on a letter appealing the claim. (Doc. No. 8-5.) Therefore, Plaintiff has failed to show that she lacked knowledge of the undisclosed claim.

Nor does Plaintiff show that she lacked a motive to conceal the claim. The Fifth Circuit has held that a party in these circumstances has a financial incentive in the form of a potential windfall. *See Superior Crewboats, Inc*., 374 F.3d at 336. Plaintiff has the potential to collect on her insurance claim after having received the benefit of failing to disclose it to her creditors in her bankruptcy proceeding, a windfall that the judicial estoppel doctrine is designed to prevent.

Because Plaintiff had both knowledge of the undisclosed claim and a motive to conceal the claim, the Court finds as a matter of law that she did not act inadvertently. Therefore, she is judicially estopped from pursuing this claim.

## IV.   CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. No. 8) is **GRANTED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 13th day of January, 2017.

HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE